# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| GINO F. BENNETT,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:13-cv-348-DN-PMW<br><br>Chief District Judge David Nuffer<br><br>Magistrate Judge Paul M. Warner |

Chief District Judge David Nuffer referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Gino F. Bennett's ("Plaintiff") appeal of the Commissioner's final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, *see* 42 U.S.C. §§ 401-434, and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, *see id.* §§ 1381-1383f. After careful consideration of the written briefs and the complete record, the court has determined that oral argument is not necessary in this case.

## BACKGROUND

Plaintiff alleges disability due to various physical and mental impairments. In September 2009, Plaintiff applied for DIB and SSI, alleging disability beginning on July 6, 2007.[2]

---

[1] *See* docket no. 4.

[2] *See* docket no. 11, Administrative Record ("Tr. ____") 157-62.

Plaintiff's application was denied initially and upon reconsideration.[3] On August 27, 2010, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"),[4] and that hearing was held on September 8, 2011.[5] On September 19, 2011, the ALJ issued a written decision denying Plaintiff's claim for DIB and SSI.[6] On March 29, 2013, the Appeals Council denied Plaintiff's request for review,[7] making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

On May 20, 2013, Plaintiff filed his complaint in this case, which was assigned to Chief Judge Nuffer.[8] On May 23, 2013, Chief Judge Nuffer referred the case to Magistrate Judge Warner under 28 U.S.C. § 636(b)(1)(B).[9] The Commissioner filed her answer and the Administrative Record on August 2, 2013.[10]

---

[3] *See* Tr. 80-83.

[4] *See* Tr. 109-110.

[5] *See* Tr. 42-78.

[6] *See* Tr. 19-41.

[7] *See* Tr. 1-7.

[8] *See* docket no. 3.

[9] *See* docket no. 4.

[10] *See* docket nos. 9, 11.

Plaintiff filed his opening brief on November 26, 2013.[11] The Commissioner filed her answer brief on January 27, 2014.[12] Plaintiff filed his reply brief on February 11, 2014.[13]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a

---

[11] *See* docket no. 18.

[12] *See* docket no. 21.

[13] *See* docket no. 22.

determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine

"whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work in the national economy in view of his age, education, and work experience." *Id*.; *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is disabled and entitled to benefits.

## ANALYSIS

In support of his claim that the Commissioner's decision should be reversed, Plaintiff argues that the ALJ erred (1) in his assessment of the medical opinions in the record, (2) in his assessment of Plaintiff's credibility, (3) in his assessment of Plaintiff's RFC and the hypothetical provided to the vocational expert ("VE"), and (4) by failing to ask the VE whether her testimony was consistent with the Dictionary of Occupational Titles ("DOT"). The court will address those arguments in turn.

### I. Medical Opinions

Plaintiff argues that the ALJ erred in his evaluation of the medical opinions in the record.

> In deciding how much weight to give a treating source opinion, an ALJ must first determine whether the opinion qualifies for controlling weight. To make this determination, the ALJ . . . must first consider whether the opinion is well[ ]supported by medically acceptable clinical and laboratory diagnostic techniques. If the answer to this question is "no," then the inquiry at this stage is complete. If the ALJ finds that the opinion is well[ ]supported, he must then confirm that the opinion is consistent with other substantial evidence in the record. If the opinion is deficient in either of these respects, then it is not entitled to controlling weight.
>
> Even if a treating physician's opinion is not entitled to controlling weight, treating source medical opinions are still entitled to deference and must be weighed using all of the factors

5

> provided in [20 C.F.R. §§ 404.1527 and 416.927]. Those factors are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.
>
> Under the regulations, the agency rulings, and [Tenth Circuit] case law, an ALJ must give good reasons . . . for the weight assigned to a treating physician's opinion . . . that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight. If the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so.

*Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (quotations and citations omitted) (sixth alteration in original); *see also* 20 C.F.R. §§ 404.1527(c), 416.927(c).

An ALJ is not required to discuss every factor set forth in the relevant regulations. *See Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (stating that when an ALJ does not discuss every factor, it "does not prevent this court from according his decision meaningful review"). As with other evidentiary matters, when an ALJ is considering medical opinion evidence, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies *See, e.g.*, *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988).

Plaintiff first argues that the ALJ erred by failing to follow the two-step procedure described above. More specifically, Plaintiff argues that the ALJ erred by failing to indicate whether any of Plaintiff's treating physicians' opinions are entitled to controlling weight. That

argument fails. It is noteworthy to the court that Plaintiff does not cite to any particular medical opinion that should have been accorded controlling weight or how according any particular medical opinion controlling weight would have affected the ALJ's decision. Further, the Tenth Circuit has recently held that where it is implicit in the ALJ's decision that he or she is declining to give controlling weight to an opinion, the failure to specifically indicate whether that opinion is entitled to controlling weight is not a ground for reversal. *See Mays v. Colvin*, 739 F.3d 569, 575 (10th Cir. 2014). In this case, it is clear from the ALJ's decision that he considered the medical opinions and assigned each of them particular weight.[14] Because he considered the relevant factors referenced above for determining the weight he assigned to each opinion, it is implicit that he determined that none of them was entitled to controlling weight.

Plaintiff next argues that the ALJ erred in his consideration of the opinions of Lezli Burt, CSW ("Burt"). In his decision, the ALJ concluded that Burt's opinions were given "less weight."[15] As such, it is implicit that he did not accord Burt's opinions controlling weight. That conclusion is supported by the relevant authorities, which indicate that Burt's opinions cannot be entitled to controlling weight because she is not an acceptable medical source, but instead is considered an other source. *See* 20 C.F.R. §§ 404.1513(d)(1), 416.913(d)(1); *see also* Social Security Ruling ("SSR") 06-03p; SSR 96-2p.

The court now turns to the deference and weight the ALJ gave to Burt's opinions. *See Langley*, 373 F.3d at 1119; *see also* 20 C.F.R. §§ 404.1527(c), 416.927(c). Pursuant to SSR 06-03p, the factors for evaluating the opinions of treating physicians apply with equal weight to the

---

[14] *See* Tr. 32-33.

[15] Tr. 32.

7

opinions other sources. *See* SSR 06-03p; *see also* 20 C.F.R. §§ 404.1527(c), 416.927(c). However, not every factor will apply in every case in which there is opinion evidence form a treating source that is an other source. *See* SSR 06-03p. In addition, whether a treating source is or is not an acceptable medical source is a factor to be considered in the weight given to opinion evidence from a particular treating source. *See id*.

In this case, the ALJ relied upon proper factors to support the conclusion that Burt's opinions were entitled to less weight. The ALJ properly relied upon the fact that Burt was not an acceptable medical source. *See id*. The ALJ also properly relied upon the fact that Burt's opinions were inconsistent with Plaintiff's medical records, which the ALJ stated had shown steady improvement after Burt's opinions were rendered. *See* 20 C.F.R. §§ 404.1527(c)(3)-(4), 416.927(c)(3)-(4). Plaintiff takes issue with the final reason cited by the ALJ, but his argument on that point is nothing more than an attempt to reargue the weight of the evidence before the ALJ, which is a futile tactic on appeal. It is not this court's role to reweigh the evidence before the ALJ. *See Madrid*, 447 F.3d at 790. Indeed, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies. *See Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247. From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions. *See Oldham*, 509 F.3d at 1257 (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)).

For these reasons, the court concludes that the ALJ did not err in his treatment of Burt's opinions.

In his final argument on this point, Plaintiff contends that the ALJ erred by concluding that Plaintiff had only mild limitations in his ability to perform duties within a schedule and follow detailed instructions, when both Burt and the state agency consultants opined that Plaintiff had marked or moderate limitations. That argument fails. With respect to the opinions of Burt, the court has already concluded that the ALJ did not err in giving them less weight. Accordingly, the ALJ was not required to incorporate her opinions into Plaintiff's RFC. As for the state agency consultants, Plaintiff has not specifically argued that the ALJ erred in his treatment of those opinions. As such, he was waived any arguments on that point. *See, e.g.*, *Madron v. Astrue*, 311 Fed. App'x 170, 174 n.4 (10th Cir. 2009) (noting that a party's failure to raise an issue in an opening brief results in waiver of that issue); *Argyle v. Astrue*, No. 2:10-cv-947-DBP, 2012 U.S. Dist. LEXIS 138531, at *17-18 (D. Utah Sept. 25, 2012). The ALJ accorded some weight to the state agency consultants' opinions[16] and, as such, the court cannot say that the ALJ was required to incorporate all of their expressed limitations into Plaintiff's RFC.

## II. Credibility

Plaintiff argues that the ALJ erred in his assessment of Plaintiff's credibility. In general, "[c]redibility determinations are peculiarly the province of the finder of fact, and [this court] will not upset such determinations when supported by substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotations and citation omitted). Although credibility determinations "should be closely and affirmatively linked to substantial evidence," *id.* (quotations and citation omitted), they "do[] not require a formalistic factor-by-factor recitation of the evidence." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

---

[16] *See* Tr. 32-33.

9

SSR 96-7p clarifies the standards an ALJ must apply when evaluating the credibility of an individual's statements, including his or her allegations of pain. *See* SSR 96-7p. In addition to the objective medical evidence, an ALJ should consider the following factors when assessing the credibility of an individual's statements:

1. The individual's daily activities;
2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
3. Factors that precipitate and aggravate the symptoms;
4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

*Id*.; *see* 20 C.F.R. §§ 404.1529(c) 416.929(c); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993).

Plaintiff first argues that the ALJ made conflicting findings in his decision concerning Plaintiff's compliance with taking his medications. That argument is without merit. As noted by the Commissioner, the ALJ acknowledged that Plaintiff took his psychotropic medications,[17] but noted that Plaintiff was not compliant with his prescribed medication regimen for his colitis, and when Plaintiff did take the colitis medicine, it was effective in controlling his symptoms.[18] Plaintiff argues that those statements are inconsistent because the first statement was not specific

---

[17] *See* Tr. 29.

[18] *See* Tr. 30.

10

to psychotropic medications, but instead referred to medications for all of Plaintiff's alleged impairments. The court disagrees. A review of the ALJ's decision indicates that the first statement was clearly made in the context of discussing Plaintiff's psychotropic medications. As such, the court cannot say that the statements made by the ALJ are inconsistent. It was appropriate for the ALJ to consider whether Plaintiff adhered to his medication regimen when evaluating Plaintiff's credibility.[19] *See* 20 C.F.R. § 404.1529(c)(3)(iv), 416.929(c)(3)(iv); SSR 96-7p.

Plaintiff next argues that the ALJ failed to comply with SSR 82-59 when evaluating Plaintiff's noncompliance with prescribed treatment. *See* SSR 82-59. However, as noted by the Commissioner, Plaintiff's reliance upon SSR 82-59 is misplaced. SSR 82-59 applies to an otherwise disabled claimant. *See id*. SSR 82-59 does not apply in this case because the ALJ did not determine that Plaintiff had a disabling impairment. Further, in cases where SSR 82-59 applies, before denying benefits, an ALJ must make a finding that the individual has failed to follow prescribed treatment. *See id*. The ALJ did not make such a finding in this case. Notably, Plaintiff does not pursue this argument further in his reply brief. For these reasons, SSR 82-59 does not apply here, and Plaintiff's arguments directed to SSR 82-59 fail.

Plaintiff also argues that the ALJ erred by considering Plaintiff's desire and attempts to work as a factor in discrediting Plaintiff's credibility. That argument fails. When evaluating credibility, as noted above, an ALJ may consider "[o]ther factors." 20 C.F.R. §§

---

[19] Plaintiff raises a new argument on this issue in his reply brief by citing to SSR 96-7p for the first time. Because Plaintiff failed to raise that argument in his opening brief, the court will not consider it. *See, e.g.*, *Madron*, 311 Fed. App'x at 174 n.4; *Argyle*, 2012 U.S. Dist. LEXIS 138531, at *17-18.

404.1529(c)(3)(vii), 416.929(c)(3)(vii). The Tenth Circuit has considered a claimant's willingness to work as a relevant factor in assessing a claimant's credibility. *See, e.g.*, *Newbold v. Colvin*, 718 F.3d 1257, 1267 (10th Cir. 2013); *Decker v. Chater*, 36 F.3d 953, 955 (10th Cir. 1996). The ALJ did not err in considering that factor in determining Plaintiff's credibility.

### III. RFC and VE

Plaintiff argues that the ALJ erred in his assessment of Plaintiff's RFC and in the hypothetical provided to the VE. Specifically, Plaintiff contends that the ALJ failed to include limitations in the RFC assessment for Plaintiff's obesity, certain mental limitations, and his need to have close proximity to a bathroom.

Plaintiff first argues that the ALJ erred by failing to include limitations in the RFC assessment to account for Plaintiff's obesity. The court cannot see any prejudice that resulted in the ALJ's failure in that regard. As noted by the Commissioner, Plaintiff does not indicate any specific limitations the ALJ should have included in the RFC that can be attributed to his obesity that are not already encompassed by the ALJ's restrictive RFC for a reduced range of light work. For these reasons, the court concludes that any error committed by the ALJ with respect to Plaintiff's obesity was harmless. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."); *see also Fischer-Ross v. Barnhart*, 431 F.3d 729, 733-34 (10th Cir. 2005) (recognizing applicability of harmless error analysis in Social Security context).

Plaintiff next argues that the ALJ failed to include limitations in Plaintiff's RFC for his alleged difficulties acting within a schedule and maintaining concentration, persistence, and pace. However, as noted by the Commissioner, this is simply a reiteration of the argument

12

addressed in the final paragraph of Section I. above. For the same reasons set forth in that paragraph, the court concludes that Plaintiff's argument fails.

Plaintiff also argues that the ALJ failed to include limitations in his RFC assessment for Plaintiff's need to have close proximity to a bathroom. However, as the Commissioner notes, the ALJ discussed both of the opinions related to that need and found that the January 2010 opinion, which indicated that Plaintiff's colitis was in remission, superseded and rendered an earlier opinion obsolete.[20] As such, the court concludes that the ALJ provided a sufficient explanation as to why he did not include limitations in Plaintiff's RFC for the need to have close proximity to a bathroom.

Based on the foregoing arguments, Plaintiff contends that the ALJ erred by failing to include the above-referenced limitations in the hypothetical given to the VE. The court has concluded that the ALJ did not err by failing to include those limitations in Plaintiff's RFC. As such, the ALJ was not required to include those limitations in the hypothetical given to the VE. In this case, the ALJ included all of the limitations contained in the final RFC determination in the hypothetical provided to the VE. Accordingly, there was no error. *See, e.g.*, *Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000) ("The ALJ propounded a hypothetical question to the VE that included all the limitations the ALJ ultimately included in his RFC assessment. Therefore, the VE's answer to that question provided a proper basis for the ALJ's disability decision.")

### IV. VE and DOT

Plaintiff argues that the ALJ erred by failing to ask the VE whether her testimony was consistent with the DOT. Pursuant to SSR 00-4p, before an ALJ relies upon a VE's testimony to

---

[20] *See* Tr. 30, 32.

support a disability determination, he must identify and obtain a reasonable explanation for any conflicts between the VE's testimony and the DOT, as well as explain in his decision how any such conflicts were resolved. *See* SSR 00-4p; *see also Haddock v. Apfel*, 196 F.3d 1084, 1089-92 (10th Cir. 1999). SSR 00-4p provides that the ALJ has an "affirmative responsibility" to ask the VE about any possible conflicts between the VE's testimony and the DOT. SSR 00-4p. If a VE's testimony appears to conflict with the DOT, the ALJ must then obtain a reasonable explanation for the apparent conflict. *See id*.

Plaintiff argues that the ALJ erred by failing to satisfy his obligations under SSR 00-4p. Plaintiff does not identify any actual conflicts; instead, he argues that the ALJ's failure to inquire about conflicts is a basis for reversal. The court disagrees. Because Plaintiff does not identify any actual conflicts, the court concludes that any error committed by the VE by failing to inquire about such conflicts was harmless. *See Poppa v. Astrue*, 569 F.3d 1167, 1173 (10th Cir. 2009) ("Although we agree that the ALJ erred by not inquiring about whether there were any conflicts between the VE's testimony about the job requirements for the jobs identified and the job descriptions in the DOT, we conclude that this error was harmless because there were no conflicts.").

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the court concludes that all of Plaintiff's arguments fail. Accordingly, **IT IS HEREBY RECOMMENDED** that the Commissioner's decision in this case be **AFFIRMED**.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties

must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 8th day of September, 2014.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge