IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GINO F. BENNETT,<br><br>                    Plaintiff,<br>v.<br><br>CAROYLN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                    Defendant. | **MEMORANDUM DECISION AND ORDER OVERRULING OBJECTION and ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:13-DV-348-DN-PMW<br><br>District Judge David Nuffer<br><br>Magistrate Judge Paul M. Warner |

Plaintiff Gino F. Bennett ("Bennett") filed an Objection[1] to the Report and Recommendation ("R&R") issued on September 8, 2014.[2] The R&R recommends that this court affirm the Commissioner's decision in this case.[3] For the reason discussed below, the court OVERRULES the objection, ADOPTS the R&R, and AFFIRMS the Commissioner's decision denying benefits.

## BACKGROUND

Bennett's appeal of the Commissioner's final decision determining that Bennett was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act[4], and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act[5] was referred

---

[1] Plaintiff's Objection to Magistrate's Report and Recommendation ("Objection"), docket no. 28, filed September 29, 2014.

[2] Docket no. 25.

[3] *Id.* at 15.

[4] *See* 42 U.S.C. §§ 401–434.

[5] *See id.* §§ 1381-1383f.

to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[6] After Magistrate

Judge Warner issued his R&R recommending that this court affirm the Commissioner's decision,

Bennett filed his Objection, which is limited to a single issue. The Commissioner filed a

response to Bennett's Objection, urging the court to adopt the R&R and deny Bennett's appeal.

## STANDARD OF REVIEW

When an objection to the R&R is filed, the court, pursuant to 28 U.S.C. § 636(b)(1)(C),

"shall make a de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made." The court "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge. The

judge may also receive further evidence or recommit the matter to the magistrate judge with

instructions."[7] The court shall "review the Commissioner's decision to determine whether the

factual findings are supported by substantial evidence in the record and whether the correct legal

standards were applied."[8] However, the Court "will not reweigh the evidence or substitute [it's]

judgment for the Commissioner's."[9]

## ANALYSIS

Bennett argues, and there is no dispute, that "the ALJ failed to fulfill a critically

important responsibility at the administrative hearing by failing to inquire into any conflicts

between the function requirements of jobs identified in hearing testimony of the V[ocational]

E[xpert ("VE")] and how such jobs are described in the D[ictionary] [of] O[ccupational] T[itles

---

[6] *See* docket text order 4.

[7] 28 U.S.C.  636(b)(1)(C).

[8] *See* Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir.2007) (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005)).

[9] *Id.*

("DOT")]."[10]  Bennett's single issue of contention is "the Magistrate Judge['s] hold[ing] that while the ALJ did fail to inquire about such conflicts, such failure was harmless because Mr. Bennett did not 'identify any actual conflicts.'"[11] Bennett contends that it is not his burden to identify conflicts between the testimony of the VE and the DOT.[12]

There is no dispute that the ALJ failed to ask the VE if her testimony was consistent with the DOT. This was procedural error. The ALJ's decision, however, will not be reversed if the error was harmless.[13] "[T]the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."[14] The United States Supreme Court defined the burden on the party attacking the agency's determination:

> To say that the claimant has the "burden" of showing that an error was harmful is not to impose a complex system of "burden shifting" rules or a particularly onerous requirement. In ordinary civil appeals, for example, the appellant will point to rulings by the trial judge that the appellant claims are erroneous, say, a ruling excluding favorable evidence. Often the circumstances of the case will make clear to the appellate judge that the ruling, if erroneous, was harmful and nothing further need be said. But, if not, then the party seeking reversal normally must explain why the erroneous ruling caused harm. If, for example, the party seeking an affirmance makes a strong argument that the evidence on the point was overwhelming regardless, it normally makes sense to ask the party seeking reversal to provide an explanation, say, by marshaling the facts and evidence showing the contrary. The party seeking to reverse the result of a civil proceeding will likely be in a position at least as good as, and often better than, the opposing party to explain how he has been hurt by an error.[15]

---

[10] Objection at 1–2. *See Haddock v. Apfel,* 196 F.3d 1084, 1091 (10th Cir. 1999) ([T]he ALJ must investigate and elicit a reasonable explanation for any conflict between the Dictionary and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability."); *see also* Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704 at *4 ("When a VE . . . provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any conflict between that ... evidence and information provided in the DOT.").

[11] Objection at 2 (quoting R&R at 14).

[12] *Id.*

[13] *Shinseki v. Sanders,* 556 U.S. 396 (2009).

[14] *Id.*; *See Allen v. Barnhart,* 357 F.3d 1140, 1145 (10th Cir. 2004) (stating that the principle of harmless error applies in social security disability cases).

[15] *Shinseki,* 556 U.S. at 410.

As the Magistrate Judge pointed out, Bennett "does not identify any actual conflicts [between the VE's testimony and the DOT]; instead, he argues that the ALJ's failure to inquire about conflicts is a basis for reversal."[16] Bennett's contention that remand is necessary simply because of the ALJ's failure to ask the VE whether her testimony was consistent with the DOT is unavailing. Bennett relies on *Massachi v. Astrue*[17] to claim that such an error is a *per se* ground for remand.

The Court in *Massachi*, on an issue of first impression, decided whether "an ALJ may rely on . . . [VE] . . . testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the" DOT.[18] The Court held that "SSR 00-4p unambiguously provides that '[w]hen a [vocational expert] . . . provides evidence about the requirements of a job or occupation, the adjudicator has *an affirmative responsibility* to ask about any possible conflict between that [VE] . . . evidence and information provided in the [DOT].'"[19] In a footnote, however, the Court indicated that "[t]his procedural error could have been harmless, *were there no conflict*, or if the vocational expert had provided sufficient support for her conclusion so as to justify any potential conflicts . . . . Instead, *we have an apparent conflict* with no basis for the vocational expert's deviation."[20] Bennett's reliance on *Massachi* is misplaced. *Massachi* does not support a *per se* remand. Instead, *Massachi* holds that when there is an apparent conflict with no basis for the VE's deviation, the court cannot determine whether

---

[16] R&R at 14.

[17] 486 F.3d 1149 (9th Cir. 2007).

[18] *Id* at 1152.

[19] *Massachi*, 486 F.3d at 1152 (emphasis in original).

[20] *Id.* at n. 19 (emphasis added).

the ALJ properly relied on the VE's testimony and whether substantial evidence supports the ALJ's finding that a claimant can perform other work.[21]

Although Bennett is correct that he generally does not have the burden to identify conflicts between the testimony of the VE and the DOT, he does, as the party attacking the ALJ's determination, have the burden of showing that he was *prejudiced* by the ALJ's failure to ask the VE if her testimony was consistent with the DOT.[22] Bennett has failed to meet his burden on appeal. This claim of error does not require remand.

## CONCLUSION

IT IS HEREBY ORDERED that Bennett's Objection[23] to the R&R is OVERRULED.

IT IS FURTHER ORDERED THAT the R&R is ADOPTED, and the Commissioner's decision denying benefits is AFFIRMED.

Dated January 22, 2015.

BY THE COURT:

David Nuffer
United States District Judge

---

[21] *Id.* at 1153–54.

[22] *See e.g., Martinez v. Astrue*, 316 F. App'x 819, 825–26 (10th Cir. 2009) (stating that although the ALJ failed to ask the VE if his opinion was consistent with the DOT, the claimant has not identified any such conflict inherent in the VE's response, and therefore, the ALJ's failure is harmless); *Strickland v. Astrue*, 496 F. App'x 826, 833 (10th Cir. 2012) ("While we agree generally that the ALJ should have inquired about conflicts. Claimant has not pointed to any information in the DOT that creates a conflict. Simply put, because there are no conflicts, the error was harmless.").

[23] Docket no. 28.